IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES E. SCHARKLET )
)
v. ) NO. 3-14-0193
) JUDGE CAMPBELL
CITY OF PORTLAND, TN )

MEMORANDUM

Pending before the Court is Defendant's Motion for Partial Dismissal and Summary Judgment (Docket No. 30). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

Plaintiff, an African-American male, is employed by Defendant as a Plant Manager for the Water Department. Plaintiff's Complaint alleges that he began his employment with Defendant in 1999 as a Lab Trainee. Plaintiff alleges that he experienced disparate treatment and a hostile work environment based upon his race. Plaintiff's Complaint outlines numerous allegations of racial slurs, harassing comments, and alleged instances where Defendant denied Plaintiff certain things he wanted, like specific jobs. Plaintiff claims that he filed a Discrimination Charge with the Equal Employment Opportunity Commission ("EEOC") in November 2012 alleging race and retaliation.[1]

Plaintiff's Complaint asserts that Defendant discriminated against Plaintiff on account of his race, in violation of Title VII and the Tennessee Human Rights Act ("THRA"); that Defendant has

---

[1] Later in the Complaint, Plaintiff alleges that his EEOC Complaint included charges of discrimination based on race, color and age. The Court finds no copy of the EEOC Complaint in this record with which to understand these contradictory claims.

subjected Plaintiff to a racially hostile work environment in violation of Title VII and the THRA; and that Defendant deprived Plaintiff of his constitutional rights under the First, Fourth and Fifteen Amendments, in violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

Defendant seeks partial dismissal or partial summary judgment on the following claims: (1) punitive damages, (2) damages for alleged discrete acts which occurred outside the applicable statutes of limitations, (3) reinstatement, back pay and front pay, and (4) violations of 42 U.S.C. §§ 1983 and 1981. Because the parties have briefed this Motion pursuant to Fed. R. Civ. P. 56, the Court will consider it to be a Motion for Summary Judgment on these claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a

scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## PUNITIVE DAMAGES

Plaintiff has conceded that his claim for punitive damages must be dismissed. Therefore, Defendant's Motion for Summary Judgment on the punitive damages claim is granted, and that claim is dismissed.

## STATUTES OF LIMITATION

Defendant argues that certain of Plaintiff's claims for discrete acts of discrimination are barred by applicable statutes of limitation. Plaintiff misunderstands the nature of this argument and contends that he may bring claims for these continuing acts under his hostile work environment claim. Defendant has not moved to dismiss Plaintiff's hostile work environment claim or argued that the hostile work environment claim is time-barred.

Notwithstanding Plaintiff's claim of hostile work environment, Plaintiff's claims of discrete acts of discrimination under Title VII occurring before May 19, 2012 (180 days from filing his EEOC charge) are untimely, and claims based upon those discrete acts are dismissed. Similarly, Plaintiff's claims of discrete acts of discrimination under the THRA, Section 1983 and Section 1981 occurring before January 24, 2013 (one year before this action was filed) are untimely, and those claims are dismissed.

## REINSTATEMENT

Plaintiff has conceded that, since he is still employed with Defendant and has been continuously since March of 1999, he cannot recover reinstatement, so that claim also is dismissed.

3

## FAILURE TO PROMOTE

To establish entitlement to back pay and front pay, Plaintiff must establish a case of racial discrimination. In order to establish a case of race discrimination based upon a failure to promote under Title VII and the THRA,[2] Plaintiff must show that: (1) he was in a protected class; (2) he applied and was qualified for the promotion; (3) he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions. *Dews v. A.B. Dick Co.*, 231 F.3d 1016,1020-21 (6th Cir. 2000); *Johnson v. Cargill, Inc.*, 932 F.Supp.2d 872, 886-87 (W.D. Tenn. 2013).

As stated earlier, any discrete acts of failure to promote prior to May 19, 2012, cannot be considered under Title VII because they are time-barred. Similarly, any discrete acts of failure to promote prior to January 24, 2013, cannot be considered under the THRA because they also are time-barred. Therefore, any allegations of discrete acts occurring prior to May 19, 2012, in Plaintiff's Complaint and Response to Defendant's Motion will not be considered.

There is only one alleged discrete act of failure to promote in Plaintiff's Complaint which occurred after May 19, 2012. Plaintiff claims that, in August of 2012, he discussed with his supervisors a need for a "Lead" employee in every department. Plaintiff alleges that one of his supervisors advised that he would recommend Plaintiff for a Lead position.[3] Plaintiff contends that the other supervisor stated that in order for Plaintiff to receive such a promotion, that position would need to be created. Plaintiff alleges that he heard nothing further about this position. Defendant

---

[2] Plaintiff's THRA claim is analyzed in the same fashion as his Title VII claim. *Harper v. BP Exploration & Oil Co.*, 896 F.Supp. 743, 747 (M.D. Tenn. 1995).

[3] Plaintiff's Complaint also alleges that the supervisor told Plaintiff he would never receive the position because he was black.

4

represents that no "Lead" position was ever created or posted.[4] Therefore, Plaintiff could not have applied for or been passed over for such a position.

Moreover, Plaintiff's Response to Defendant's Motion cites only the Complaint for the factual allegation that his supervisor advised Plaintiff he would be recommended for the "Lead" position. When facing a summary judgment motion, the non-moving party must come forth with facts which show a genuine issue of material fact which precludes summary judgment on each claim. In asserting that a fact is genuinely disputed, a party must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Plaintiff cannot rest on the allegations contained in his Complaint in opposition to a properly supported summary judgment motion. *Pigott v. Battle Ground Academy*, 909 F.Supp.2d 949, 968 (M.D. Tenn. 2012).

Plaintiff has failed to offer sufficient, admissible evidence to support his *prima facie* claims for racial discrimination under Title VII or the THRA, based upon Defendant's failure to promote, and those claims are dismissed. Therefore, Plaintiff is not entitled to back pay or front pay.

SECTION 1983 AND SECTION 1981

Plaintiff's Complaint alleges that Defendant deprived Plaintiff of his rights under the First, Fourth and Fifteen Amendments. Docket No. 1, p. 11. Plaintiff has not moved to amend his

---

[4] Plaintiff admits that no Lead position was ever *posted* at his employment, but he claims that Defendant customarily gave employees such positions without them being officially offered or posted. Docket No. 36, ¶ 4. The citation he offers, however, is to his own testimony only, and that portion of his testimony is mere speculation about what happened in other departments of his employer. Such allegations, with no supporting evidence, are not sufficient under Rule 56 to defeat summary judgment.

5

Complaint, yet he argues that the "intent" of his Section 1983 and Section 1981 claims was to allege violations of the Fourteenth Amendment. A violation of the Fourteenth Amendment or claim based thereon has not been alleged, and the Court will not rewrite Plaintiff's Complaint to assert one.

Plaintiff has brought forth no evidence whatsoever that Defendant violated Plaintiff's rights to freedom of speech, freedom of religion, freedom of association, freedom from unreasonable searches or seizures, or freedom to vote. Accordingly, Plaintiff's Section 1983 and Section 1981[5] claims are dismissed.

Even if the Court were to consider Plaintiff's Section 1983 and Section 1981 claims as arising from the Fourteenth Amendment, as Plaintiff belatedly asserts, Plaintiff has also not identified any policy, custom or practice of Defendant which would subject the City to municipal liability in this case. Plaintiff admits that he cannot identify a specific policy of the City that caused him a deprivation of his constitutional rights. Docket No. 36, ¶ 10.

Plaintiff asserts that the continuous, severe and pervasive hostile work environment is evidence of a pattern and practice of the City to ignore racial discrimination. Again, he cites only his own testimony. Conclusory assertions, supported only by a plaintiff's own opinions, cannot withstand a motion for summary judgment. *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008).

In any event, as Defendant points out, despite the unsupported assertion in Plaintiff's Response that he reported the discriminatory treatment to supervisors, Plaintiff testified in

---

[5] Plaintiff's Section 1981 claims must also be dismissed because the cause of action for damages created by Section 1983 constitutes the exclusive federal remedy for violation of Section 1981 by state governmental units. *Arendale v. City of Memphis*, 519 F.3d 587, 598-99 (6th Cir. 2008); *Neal v. Shelby County Gov't Community Servs. Agency*, 815 F.Supp.2d 999, 1007-08 (W.D. Tenn. 2011).

deposition that he never reported racial harassment or discrimination to any of his supervisors. Docket No. 40-1, pp. 2-3 (pp. 93-94 of Plaintiff's deposition).

For these reasons, Plaintiff's Section 1983 and Section 1981 claims are dismissed.

## CONCLUSION

Defendant's Motion for Partial Dismissal and Summary Judgment (Docket No. 30), therefore, is GRANTED. Plaintiff's claims for punitive damages, reinstatement, back pay, front pay, failure to promote in violation of Title VII and THRA, violations of Section 1983 and violations of Section 1981 are DISMISSED.

Plaintiff's remaining hostile work environment claim will be tried on August 11, 2015, as previously ordered by the Court. Docket No. 20.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE